UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN B. STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00321-LEW |
| KEN MASON, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER ON MOTION TO DISMISS

This matter stands before the court on Defendant Sam Acha's motion to dismiss. Def.'s. Mot. (ECF No. 10). Acha argues that, insofar as Plaintiff's claim against him sounds in medical malpractice, Plaintiff's claim against Acha must be dismissed due to Plaintiff's failure to follow the appropriate screening procedures for such claims. For the reasons that follow, I partially grant Acha's motion.

### BACKGROUND

Plaintiff, John B. Stewart, was detained pending trial at Kennebec County Correctional Facility ("KCCF"). Defendant Sam Acha is a Physician Assistant who works at KCCF. According to Plaintiff, shortly after his arrival at KCCF, he began suffering from symptoms of a number of preexisting ailments, including gout, diabetes, anemia, colon problems, and internal bleeding. Plaintiff alleges that Defendants repeatedly ignored his requests for medical treatment, which lead to Plaintiff's hospitalization with complications from his preexisting conditions. Plaintiff further alleges that, upon his return to KCCF from the hospital, KCCF staff failed adequately to respond to his medical needs.

It is unclear, from the face of the Complaint, what role Acha played in Plaintiff's alleged mistreatment. Plaintiff states that Acha gave him a physical examination shortly after Plaintiff's arrival at KCCF, and that Acha ordered stool and blood samples as follow-up from this examination. Plaintiff alleges that he was unable to provide samples to Acha due to negligence on the part of the remaining Defendants, and provides no indication that Acha followed up on the outstanding samples. Plaintiff claims that Acha examined him again after Plaintiff's hospitalization and court appearance, whereupon Acha remarked that Plaintiff appeared to be in bad health and ought to be receiving medical care.

Plaintiff then brought this case against Acha and several other individuals who work at KCCF. The Complaint does not specify a cause of action, but Plaintiff summarizes his allegations by stating that that Defendants displayed "total disregard for people's lives and health" and that he had become "crippled . . . due to medical neglect." Compl. 6 (ECF No. 1). Acha now moves to dismiss Plaintiff's claim against him, arguing that Plaintiff failed to follow the proper prelitigation procedures for claims involving medical malpractice.

## DISCUSSION

Under the Maine Health Security Act ("MHSA"), a plaintiff seeking to bring a medical malpractice claim must first notify the defendant of the claim, file the notice in court, and present the claim to a prelitigation screening panel. *See D.S. v. Spurwink Servs., Inc.*, 2013 ME 31, ¶ 18, 65 A.3d 1196, 1200 (citations omitted); *see also* 24 M.R.S. § 2903. When a plaintiff fails to comply with the MHSA's screening requirements, "[t]he proper step for the court . . . is to dismiss the action." *Hill v. Kwan*, 2009 ME 4, ¶ 8, 962 A.2d 963, 966. Such a dismissal on procedural grounds is without prejudice, and does not bar the

plaintiff from commencing a future action in a manner that complies with the MHSA. *See Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639, 641.

      Whether the MHSA applies to Plaintiff's claims depends on what theory of liability Plaintiff asserts. Textually, the MHSA's screening requirements apply to "any action for damages for injury or death against any . . . health care practitioner . . . whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S. § 2502(6). Accordingly, for the purpose of the present motion, I need not distinguish between whether Plaintiff brings a medical malpractice claim, a garden-variety negligence claim, or some other type of state law claim—"*any* case that could implicate medical malpractice insurance" must comply with the MHSA's procedural requirements. *Saunders v. Tisher*, 2006 ME 94, ¶ 15, 902 A.2d 830 (emphasis in original). However, the MHSA's procedural requirements do not apply to suits for constitutional violations brought under 42 U.S.C. § 1983, even where the suit in question proceeds against a health care provider and involves the provision of health care services. *See Ferris v. Cty. of Kennebec*, 44 F. Supp. 2d 62, 66 (D. Me. 1999) (dismissing state law negligence claim, but not § 1983 claim, for failure to comply with MHSA).

      The Complaint suggests that Plaintiff's argument sounds both in medical malpractice and in civil rights. Because Plaintiff brings this case *pro se* and has not specified a cause of action, it is incumbent upon me to "intuit the correct cause[s] of action" that best account for the Complaint's factual allegations. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Insofar as Plaintiff argues that Acha deviated from the recognized and appropriate standard of care for Plaintiff's maladies, his claim against Acha can fairly

be construed as one for medical malpractice. *See Ouellette v. Mehalic*, 534 A.2d 1331, 1332 (Me. 1988) (listing elements of medical malpractice claim). However, the gravamen of Plaintiff's Complaint is not that Acha breached a duty of care specific to medical providers, but rather that Acha and the other Defendants neglected and otherwise failed properly to treat Plaintiff's serious medical needs. This is, in effect, a deliberate indifference claim under the federal constitution. *See Zingg v. Groblewski*, 907 F.3d 630, 634 (1st Cir. 2018) (listing elements of deliberate indifference claim, in case brought by pretrial detainee).

Any medical malpractice claim that Plaintiff asserts against Acha must be dismissed due to Plaintiff's failure to comply with the MHSA's procedural requirements. Both parties agree that Acha is a Physician Assistant, and therefore falls within the MHSA's definition of a health care practitioner. *See* 24 M.R.S. § 2502(1)(A). Plaintiff asserts that Acha failed to provide adequate health care services to him, and that Acha's failure to do so harmed Plaintiff. *See* 24 M.R.S. § 2502(6). The mere fact that Acha provided care to Plaintiff in the prison context does not remove this case from the MHSA's ambit. *See, e.g.*, *Demmons v. Tritch*, 484 F. Supp. 2d 177, 179 (D. Me. 2007) (applying MHSA to claim against prison health provider). Nor does Plaintiff's *pro se* status excuse his failure to comply with the MHSA's procedural requirements. *See Ahmed*, 118 F.3d at 890. Accordingly, Plaintiff's medical malpractice claim against Acha is dismissed, and Plaintiff may recommence his claim in a manner that complies with the MHSA's procedural requirements. *See, e.g.*, *Kidder v. Richmond Area Health Ctr., Inc.*, 595 F. Supp. 2d 139, 142–43 (D. Me. 2009) (dismissing claim without prejudice pending compliance with MHSA).

However, to the extent that Plaintiff asserts a constitutional claim against Acha pursuant to 42 U.S.C. § 1983, his failure to comply with the MHSA's prescreening requirement does not warrant dismissal of that claim. *See, e.g.*, *Faulkingham v. Penobscot Cty. Jail*, 350 F. Supp. 2d 285, 288 (D. Me. 2004) (denying motion to dismiss because prisoner suit sounded in civil rights, not medical malpractice). Nor must I determine at this time whether Plaintiff has plausibly plead the elements of a deliberate indifferent claim against Acha, because Acha has not challenged the sufficiency of the pleadings. Accordingly, any civil rights claim that Plaintiff asserts against Acha survives the present motion to dismiss.

## CONCLUSION

For the foregoing reasons, Acha's motion to dismiss (ECF No. 10) is **GRANTED IN PART**, and any medical malpractice claim that Plaintiff asserts against Acha is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated this 29th day of March, 2022.

      /s/ Lance E. Walker
      UNITED STATES DISTRICT JUDGE