UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN B. STEWART,
Plaintiff,
v.
KEN MASON, *et al.*,
Defendants.

No. 1:21-cv-00321-LEW

**ORDER ON MOTION TO DISMISS**

This matter stands before the court on Defendant Brian Bates' motion to dismiss. Def.'s. Mot. (ECF No. 17). Bates argues, first, that Plaintiff fails to state a plausible claim upon which relief can be granted, and second, that Plaintiff failed to comply with the appropriate procedures for tort claims against medical professionals. For the reasons that follow, I partially grant Bates' motion.

**BACKGROUND**

Plaintiff, John B. Stewart, was detained pending trial at Kennebec County Correctional Facility ("KCCF"). Defendant Brian Bates is a nurse who works at KCCF. According to Plaintiff, shortly after his arrival at KCCF, he began suffering from symptoms of a number of preexisting ailments, including gout, diabetes, anemia, colon problems, and internal bleeding. During this time period, Plaintiff claims that Bates twice disposed of stool samples, which samples Plaintiff had collected in the hopes that KCCF's medical staff might diagnose his increasingly severe medical issues. Plaintiff alleges that KCCF staff repeatedly ignored his requests for medical treatment (though he does not specifically

point to Bates in this respect), resulting in Plaintiff's hospitalization with complications from his preexisting conditions. Plaintiff further alleges that, upon his return to KCCF from the hospital, KCCF staff failed adequately to respond to his medical needs.

Plaintiff then brought this case against several individuals who work at KCCF, including Bates. The Complaint does not specify a cause of action, but Plaintiff summarizes his allegations by stating that that Defendants displayed "total disregard for people's lives and health" and that he had become "crippled . . . due to medical neglect." Compl. 6 (ECF No. 1). Bates now moves to dismiss Plaintiff's claim against him, arguing first that Plaintiff fails to state a claim upon which relief may be granted, and second the Plaintiff failed to follow the proper prelitigation procedures for claims involving medical malpractice.

**DISCUSSION**

"To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Guadalupe-Báez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). Plausible "means something more than merely possible," *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012), but is "not akin to a probability requirement," *Iqbal*, 556 U.S. at 678 (cleaned up). Ultimately, "a well-pleaded complaint may proceed even if . . . recovery is very remote and unlikely." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This analysis has two steps. First, I "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d

220, 224 (1st Cir. 2012). Then, I ask only whether the Complaint's "factual content," accepted as true, permits "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). A plaintiff need not allege facts that would establish each "element of the cause of action," so long as the "cumulative effect" of the allegations must support an inference of liability under the applicable substantive standard. *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (cleaned up).

Because Plaintiff brings this case *pro se* and has not specified a cause of action, it is incumbent upon me first to "intuit the correct cause[s] of action" that best account for the Complaint's factual allegations. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Here, Plaintiff's argument sounds both in civil rights and in medical malpractice. The gravamen of Plaintiff's argument is that Bates and the other Defendants neglected and otherwise failed properly to treat Plaintiff's serious medical needs. This is, in effect, a deliberate indifference claim under the federal constitution, s*ee Zingg v. Groblewski*, 907 F.3d 630, 635 (1st Cir. 2018) (listing elements of deliberate indifference claim, in case brought by pretrial detainee), which claim Plaintiff may bring pursuant to 42 U.S.C. § 1983. Plaintiff also argues that Bates deviated from the recognized and appropriate standard of care for Plaintiff's maladies, which argument can fairly be construed as a medical malpractice claim. *See Ouellette v. Mehalic*, 534 A.2d 1331, 1332 (Me. 1988) (listing elements of medical malpractice claim).

**1. Plaintiff's Civil Rights Claim**

To the extent that Plaintiff asserts a deliberate indifference claim against Bates pursuant to § 1983, he states a plausible claim for relief. A claim that a state official was deliberately indifferent to a plaintiff's serious medical needs has "both objective and subjective components." *Zingg*, 907 F.3d at 635. To prevail on such a claim, a plaintiff ultimately must show that (1) he had an obvious or diagnosed medical need and (2) the official in question either intentionally withheld medical aid or "had actual knowledge of impending harm" to the plaintiff "yet failed to take the steps that would have easily prevented that harm." *Id.* (cleaned up). It is eminently plausible, based on the allegations in the Complaint, that Plaintiff had a need for medical assistance when Bates allegedly disposed of his stool samples. Plaintiff also alleges that Bates was aware that Plaintiff was at risk of anemia due to his substantial blood loss, and that Bates did not take prompt steps to diagnose, treat, or otherwise respond to this acute medical crisis. *See* Compl. ¶ 5 (ECF No. 1). While these allegations do not establish Bates' liability, they are sufficient, for the purpose of the present motion, to state a claim for deliberate indifference. Any civil rights claim that Plaintiff asserts against Bates survives the present motion to dismiss.

**2. Plaintiff's Medical Malpractice Claim**

To the extent that Plaintiff's claim against Bates sounds in medical malpractice rather than civil rights, it must be dismissed. Under the Maine Health Security Act ("MHSA"), a plaintiff seeking to bring a medical malpractice claim must first notify the defendant of the claim, file the notice in court, and present the claim to a prelitigation screening panel. *See D.S. v. Spurwink Servs., Inc.*, 2013 ME 31, ¶ 18, 65 A.3d 1196, 1200 (citations omitted); *see also* 24 M.R.S. § 2903. This procedural requirement applies to "*any*

case that could implicate medical malpractice insurance," regardless of whether the plaintiff characterizes his suit as one for medical malpractice.[1] *Saunders v. Tisher*, 2006 ME 94, ¶ 15, 902 A.2d 830 (emphasis in original). When a plaintiff fails to comply with the MHSA's screening requirements, "[t]he proper step for the court . . . is to dismiss the action." *Hill v. Kwan*, 2009 ME 4, ¶ 8, 962 A.2d 963, 966. Such a dismissal on procedural grounds is without prejudice and does not bar the plaintiff from commencing a future action in a manner that complies with the MHSA. *See Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639, 641.

Although Plaintiff's claim against Bates falls within the MHSA's ambit, Plaintiff did not comply with the MHSA's procedural requirements before bringing this suit. Both parties agree that Bates is a nurse, and therefore falls within the MHSA's definition of a health care practitioner. *See* 24 M.R.S. § 2502(1)(A). Plaintiff asserts that Bates failed to provide adequate health care services to him, and that Bates' failure to do so harmed Plaintiff. *See* 24 M.R.S. § 2502(6). The mere fact that Bates provided care to Plaintiff in the prison context does not remove this case from the MHSA's ambit. *See, e.g.*, *Demmons v. Tritch*, 484 F. Supp. 2d 177, 179 (D. Me. 2007) (applying MHSA to claim against prison health provider). Nor does Plaintiff's *pro se* status excuse his failure to comply with the MHSA's procedural requirements. *See Ahmed*, 118 F.3d at 890. Accordingly, Plaintiff's medical malpractice claim against Bates is dismissed; Plaintiff may recommence his claim

[1] The MHSA's procedural requirements do not apply to suits for constitutional violations brought under 42 U.S.C. § 1983, even where the suit in question proceeds against a health care provider and involves the provision of health care services. *See Ferris v. Cty. of Kennebec*, 44 F. Supp. 2d 62, 66 (D. Me. 1999) (dismissing state law negligence claim, but not § 1983 claim, for failure to comply with MHSA). Accordingly, Plaintiff's failure to comply with the MHSA does not warrant dismissal of his claim to the extent that it sounds in civil rights.

in a manner that complies with the MHSA's procedural requirements.[2] *See, e.g.*, *Kidder v. Richmond Area Health Ctr., Inc.*, 595 F. Supp. 2d 139, 142–43 (D. Me. 2009) (dismissing claim without prejudice pending compliance with MHSA).

## CONCLUSION

For the foregoing reasons, Bates' Motion to Dismiss (ECF No. 17) is **GRANTED IN PART**, and any medical malpractice claim that Plaintiff asserts against Bates is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated this 6th day of June, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

[2] Because Plaintiff's medical malpractice claim against Bates must be dismissed for his failure to comply with the appropriate procedures, I need not determine whether this aspect of his claim would survive a motion to dismiss for failure to state a claim.