UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN B. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-00321-LEW |
| | ) | |
| KEN MASON, Sheriff, Kennebec County, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

## ORDER

In this action, Plaintiff John B. Stewart contends that the Defendants, Kennebec County Sheriff Ken Mason, Jail Administrator Bryan Slaney and other Kennebec County personnel, a nurse practitioner employed by Correctional Health Partners, and a licensed practical nurse employed by Maxim Healthcare all demonstrated deliberate indifference toward his medical needs during a recent period of incarceration.

The matter comes before the Court on the Plaintiff's and the Defendants' motions for summary judgment. For reasons that follow, judgment will enter in favor of the Defendants.

## Background

The following background statement is drawn from the parties' statements of material facts. *See* D. Me. Loc. R. 56. The Court will adopt a statement of fact if it is

1

supported by a citation to record evidence and if the opposing party fails to dispute it or qualify it with his own statements and record citations. *See id.*[1]

Plaintiff was incarcerated at the Kennebec County Jail between May and November 2021. When he arrived at the jail, Plaintiff was in very poor health with several diagnosed conditions, including gout and Type II diabetes. He maintains that he also reported bleeding internally (evidently from ulcers) and anemia. However, during his initial screening Plaintiff did not complain of any intestinal issues. By all appearances, Plaintiff's medical condition makes him quite miserable and lethargic, even outside of the jail setting. Plaintiff and his family members were concerned that his medical problems would not receive adequate care at the jail.

Beginning in July, Plaintiff experienced repeated instances of bleeding from his rectum. Within a week he was seen at Maine General Hospital for a medical examination, including a colonoscopy. Providers within the jail setting understood that Plaintiff's bleeding condition, though serious, was not life threatening. At the hospital, a provider removed several non-cancerous polyps from Plaintiff's colon. Follow up care was established and was unremarkable. There is nothing to suggest that care providers at the hospital identified or treated any other emergency medical concerns.

---

[1] Local Rule 56 requires the opposing party to "support each denial or qualification by a record citation as required by this rule." D. Me. Loc. R. 56(c); *see also* D. Me. Loc. R. 56(f) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."). Mr. Stewart has filed a short brief in support of the entry of judgment in his favor, but he has not opposed the Defendants' motions. Nor has he attempted to make any evidentiary showing through a statement of fact. His complaint is, however, notarized, and he contends that his allegations are true.

Upon his return to the jail, Plaintiff continued to feel miserable due to his assortment of ailments, and there continued to be blood in his stool. The hospital reached out to schedule a follow-up colonoscopy within the next three to six months, within which time Plaintiff was released from incarceration. The record supports the finding that the Defendants' approach to Plaintiff's medical care did not place Plaintiff's life or health in jeopardy or result in tangible harm to his person, though Plaintiff's subjective account is that his sojourn in the jail subtracted years from his life and probably resulted in injury to his internal organs and brain. Other than Plaintiff's subjective complaints, the record does not support a finding that the Defendants withheld care that they understood would significantly alleviate his misery or was necessary to avoid an emergent, substantial risk of serious harm.

## Discussion

The Federal Rule of Civil Procedure permits parties to litigation to request the entry of summary judgment on claims or defenses based on the evidence collected and exchanged during the discovery phase of the case. Fed. R. Civ. P. 56. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, even if the non-moving party demonstrates the existence of evidence that can overcome the moving party's record representations, it will not be enough to preclude summary judgment if the resulting facts, viewed in the light most favorable to the non-moving party, would not permit a reasonable factfinder to resolve the associated legal issue in favor of the non-movant. *IDS Prop. Cas. Ins. Co. v. Gov't Employees Ins. Co., Inc.*, 985

F.3d 41, 52 (1st Cir. 2021); *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). Nor can the non-movant overcome a summary judgment motion if essential elements of his proof depend on "improbable inferences, acrimonious invective, or rank speculation." *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010).

The federal claim in this case is a claim of deliberate indifference to serious medical need, made actionable by the federal Civil Rights Act, 42 U.S.C. § 1983.  The standard for proving such a claim is onerous.  "[D]eliberate indifference describes a state of mind more blameworthy than negligence," but less culpable than acting or failing to act "for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Ultimately, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  To establish the existence of a substantial risk of serious harm, a plaintiff must demonstrate that his medical need was diagnosed by a physician to require treatment or that the need for treatment was so obvious that even a person untrained in medicine would appreciate the need for medical care. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc).

The evidence concerning rectal bleeding is evidence that any layperson would regard as serious enough to need medical attention.  But even if we assume that this demonstrates a serious medical need posing a substantial risk of serious harm (there is no expert opinion in the record to support that finding), care was forthcoming.  Moreover, the facts available in the summary judgment record would not permit a reasonable judge or

4

jury to find that Defendants were aware of facts that would cause them to infer that the handling of Plaintiff's requests for medical attention exposed Plaintiff to a substantial risk of serious harm. Consequently, Defendants are entitled to the entry of summary judgment in their favor against Plaintiff's claim.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 39) is DENIED; the County Defendants' Motion for Summary Judgment (ECF No. 36) is GRANTED; Samuel Acha's Motion for Summary Judgment (ECF No. 40) is GRANTED; and Bryan Bates' Motion for Summary Judgment (ECF No. 50) is GRANTED. Because these rulings dispose of the only remaining claim, effectively denying Plaintiff all relief, final judgment will enter in this matter.

**SO ORDERED.**

Dated this 1st day of March, 2023.

                                                  /s/ Lance E. Walker
                                                UNITED STATES DISTRICT JUDGE